UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

| | |
|---|---|
| STEPHANIE TORRES, | **AMENDED COMPLAINT** |
| Plaintiff, | |
| -against- | 15 CV 5813 (MKB)(MDG) |
| CITY OF NEW YORK, MICHAEL RIVERA, Individually, ANDREW FAGO, Individually, and UNDERCOVER OFFICER 210, Individually, | Jury Trial Demanded |
| Defendants, | |

---------------------------------------------------------------------------------X

Plaintiff STEPHANIE TORRES, by her attorneys, the Leventhal Law Group, P.C., complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1.  Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitution of the United States.

### JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.  Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

4.  Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff STEPHANIE TORRES is a twenty-six-year-old woman of Hispanic descent residing in Staten Island, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, MICHAEL RIVERA, ANDREW FAGO, and UNDERCOVER OFFICER 210 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

YORK.

## FACTS

12. On January 11, 2013, at approximately 10:15 a.m., plaintiff STEPHANIE TORRES was lawfully present inside her home, located at 641 Travis Avenue, Staten Island, New York.

13. At that time, defendants MICHAEL RIVERA and ANDREW FAGO entered TORRES's home without her permission or any lawful authority and told TORRES, in sum and substance, that they had a warrant and were going to arrest her.

14. TORRES, who was preparing to take her five-year old son to school, asked why she had a warrant, and RIVERA responded, in sum and substance, that he was not going to tell her why she was being arrested until she was at the precinct.

15. When TORRES repeated her question regarding the reason for her warrant, FAGO responded, in sum and substance, you know what we're here for, you're fucking selling drugs.

16. RIVERA and FAGO then ran towards TORRES, grabbed her and violently forced her to the floor on her knees.

17. While TORRES was on her knees, FAGO put his hand down TORRES'S pants and touched her genitals. TORRES grabbed FAGO's hand and attempted to pull it out of her pants. FAGO then removed his hand from TORRES'S pants and punched TORRES in the face.

18. Thereafter, FAGO and RIVERA repeatedly struck TORRES in the ribs, kicked her and stomped on her feet.

19. As a result of the unprovoked assault, TORRES suffered physical injuries that included a fractured right toe, bruising and swelling about the face and body, and back and neck pain.

20.     While the aforementioned assault was occurring, TORRES was screaming for help and stated, in sum and substance, how dare you do this to me in front of my son. FAGO responded, "shut the fuck up you dirty little whore."

21.     FAGO and RIVERA handcuffed TORRES with her hands behind her back, pulled her up to her feet, forcefully escorted her out of her home and imprisoned her in a police vehicle in front of her residence.

22.     While TORRES was seated in the police vehicle, RIVERA placed TORRES'S five-year old son in the back of said vehicle next to TORRES.

23.     RIVERA and FAGO then transported TORRES and her son to the NYPD's 120th precinct stationhouse and imprisoned her therein.

24.     RIVERA and FAGO arrested TORRES based on false evidence provided by defendant UNDERCOVER OFFICER 210 who falsely alleged that on September 12, 2012, four months prior to plaintiff's arrest, plaintiff handed UNDERCOVER OFFICER 210 two bags of cocaine in exchange for a sum of United States currency in front of 2485 Richmond Avenue, Staten Island, New York.

25.     TORRES had no involvement whatsoever in the drug transaction described above.

26.     RIVERA also falsely alleged that when RIVERA attempted to arrest TORRES, she flailed her arms and ran away from RIVERA in an attempt to prevent him from arresting her.

27.      As a result of UNDERCOVER OFFICER 210's and RIVERA's fabrication of evidence, a criminal court complaint was filed in Richmond County Criminal Court under docket no. 2013RI000331 wherein it was falsely alleged that TORRES sold cocaine to UNDERCOVER OFFICER 210 and attempted to prevent RIVERA from arresting her by flailing her arms and

attempting to run away from RIVERA. These allegations are entirely false.

28.     Based on the fabricated evidence provided by UNDERCOVER OFFICER 210 and RIVERA, TORRES was imprisoned until her arraignment on January 12, 2013, on false charges filed on docket no. 2013RI000331 in Richmond County Criminal Court; said false charges included Criminal Sale of a Controlled Substance in the Third Degree (P.L. §220.39(1)) and Resisting Arrest (P.L. § 205.30).

29.     UNDERCOVER OFFICER 210 and RIVERA caused the initiation and continuation of said malicious prosecution by fabricating evidence and creating false police reports which they knew would be forwarded to the Richmond County District Attorney's Office ("RCDA") thereby causing said evidence to be used against TORRES in the aforementioned legal proceeding. Based on said fabricated evidence and false reports, the RCDA initiated and continued said malicious prosecution against TORRES.

30.     UNDERCOVER OFFICER 210 and RIVERA fabricated said evidence and created false police reports with malice, and otherwise caused said prosecution to be initiated and continued against TORRES for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for RIVERA and FAGO's use of excessive force, and RIVERA, FAGO, and UNDERCOVER OFFICER 210's abuse of authority, and to arrest innocent individuals to reach productivity goals and for professional advancement, overtime compensation and/or other objectives outside the ends of justice.

31.     The false charges compelled TORRES to return to Richmond County Criminal Court on eleven court dates until June 24, 2014, when all the false charges levied against TORRES were dismissed and sealed.

32. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, and due to a custom, policy, and/or practice of police officers: failing to intervene in misconduct committed by other officers; failing to report misconduct of other officers; subjecting individuals to excessive/unreasonable force; manufacturing false evidence against individuals in a conspiracy to justify their use of excessive force; arresting innocent persons in order to meet "productivity goals" (i.e. arrest quotas); arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or falsely arresting individuals and engaging in a practice of falsification in an attempt to justify the false arrest.

33. The aforesaid event is not an isolated incident. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct as documented in civil rights actions filed in the United States District Courts in the Eastern and Southern Districts of New York as well as in New York State courts. As a result, defendant CITY OF NEW YORK is aware (from said lawsuits as well as notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants: fail to intervene in misconduct committed by other officers; fail to report misconduct of other officers; subject individuals to excessive/unreasonable force; manufacture false evidence against individuals in a conspiracy to justify their use of excessive force; arrest innocent persons in order to meet "productivity goals" (i.e. arrest quotas); arrest individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or falsely arrest

6

individuals and engage in a practice of falsification in an attempt to justify the false arrest.

34. In addition, in another civil rights action filed in this court involving false allegations of involvement in a narcotics transaction by NYPD officers, United States District Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or police by the city approving illegal conduct of the kind now charged.

*Colon v. City of New York, et. al.*, 2009 WL 4263362, *2 (E.D.N.Y.).

35. Moreover, the existence of the aforesaid unconstitutional customs and policies may further be inferred from the admission by former NYPD Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that NYPD commanders are permitted to set "productivity goals."

36. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

37. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

38. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

39. All of the aforementioned acts deprived plaintiff STEPHANIE TORRES of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

40. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

41. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

42. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

43. As a result of the foregoing, plaintiff STEPHANIE TORRES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983
as to defendant UNDERCOVER OFFICER 210)

44. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendant UNDERCOVER OFFICER 210 caused plaintiff STEPHANIE TORRES to be arrested without probable cause, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

46. Defendant UNDERCOVER OFFICER 210 caused plaintiff STEPHANIE TORRES to be falsely arrested and unlawfully imprisoned.

47. As a result of the foregoing, plaintiff STEPHANIE TORRES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983 as to defendants FAGO and RIVERA)

48. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. The level of force employed by defendants FAGO and RIVERA was excessive, objectively unreasonable and otherwise in violation of plaintiff STEPHANIE TORRES'S constitutional rights.

50. As a result of the aforementioned conduct of the defendants, plaintiff STEPHANIE TORRES was subjected to excessive force and sustained physical and emotional injuries.

51. As a result of the foregoing, plaintiff STEPHANIE TORRES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Unlawful Entry 42 U.S.C. § 1983 as to defendants FAGO and RIVERA)

52. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Defendants FAGO and RIVERA entered plaintiff's home located at 641 Travis Avenue without a warrant, and absent probable cause, exigent circumstances, or any lawful justification.

54. As a result, plaintiff STEPHANIE TORRE'S right to be free from an unlawful entry via the Fourth Amendment was violated.

55. As a result of the foregoing, plaintiff STEPHANIE TORRES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983
as to defendants RIVERA and UNDERCOVER OFFICER 210)

56. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. Defendants RIVERA and UNDERCOVER OFFICER 210 created false evidence against plaintiff STEPHANIE TORRES.

58. Defendants RIVERA and UNDERCOVER OFFICER 210 utilized this false evidence against plaintiff STEPHANIE TORRES in legal proceedings.

59. As a result of defendants' creation and use of false evidence, plaintiff STEPHANIE TORRES suffered a violation of her constitutional right to a fair trial, as guaranteed by the United States Constitution.

60. As a result of the foregoing, plaintiff STEPHANIE TORRES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Malicious Prosecution under 42 U.S.C. § 1983
as to defendants RIVERA and UNDERCOVER OFFICER 210)

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. Defendants RIVERA and UNDERCOVER OFFICER 210 caused the initiation, and continuation of a malicious prosecution against plaintiff STEPHANIE TORRES.

63. Defendants RIVERA and UNDERCOVER OFFICER 210 caused plaintiff STEPHANIE TORRES to be prosecuted without any probable cause until the charges were dismissed on or about June 24, 2014.

64. As a result of the foregoing, plaintiff STEPHANE TORRES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

11

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Malicious Abuse of Process under 42 U.S.C. § 1983
as to defendant s RIVERA and UNDERCOVER OFFICER 210)

65. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. Defendants RIVERA and UNDERCOVER OFFICER 210 caused the issuance of criminal process against plaintiff STEPHANIE TORRES by causing her arrest and prosecution in a criminal court.

67. Defendants RIVERA and UNDERCOVER OFFICER 210 caused plaintiff STEPHANIE TORRES to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their acts of excessive force and fabrication of evidence; and to arrest innocent individuals to reach productivity goals and for professional advancement, overtime compensation and/or other objectives outside the ends of justice, and thereby violated plaintiff's right to be free from malicious abuse of process.

68. As a result of the foregoing, plaintiff STEPHANIE TORRES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983 as to defendant CITY OF NEW YORK)

69. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

71. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff STEPHANIE TORRES'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

72. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department also included, but were not limited to police officers: failing to intervene in misconduct committed by other officers; failing to report misconduct of other officers; subjecting individuals to excessive/unreasonable force; manufacturing false evidence against individuals in a conspiracy to justify their use of excessive force; arresting innocent persons in order to meet "productivity goals" (i.e. arrest quotas); arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or falsely arresting individuals and engaging in a practice of falsification in an attempt to justify the false arrest.

73. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff STEPHANIE TORRES.

74. The foregoing customs, policies, usages, practices, procedures and rules of the

13

CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff STEPHANIE TORRES as alleged herein.

75. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff STEPHANIE TORRES as alleged herein.

76. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff STEPHANIE TORRES was unlawfully arrested, subjected to excessive force, maliciously prosecuted, deprived of her right to a fair trial, and her home was unlawfully entered.

77. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff STEPHANIE TORRES'S constitutional rights.

78. All of the foregoing acts by defendants deprived plaintiff STEPHANIE TORRES of federally protected rights, including, but not limited to, the right:

    A.    To be free from false arrest/unlawful imprisonment;

    B.    To be from illegal entry into her home;

    C.    To be free from excessive force;

    D.    To receive her right to fair trial;

    E.    To be free from malicious prosecution; and

    F.    To be free from malicious abuse of process.

79. As a result of the foregoing, plaintiff STEPHANIE TORRES is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff STEPHANIE TORRES demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)   full and fair compensatory damages in an amount to be determined by a jury;

(B)   punitive damages against the individual defendants in an amount to be determined by a jury;

(C)   reasonable attorneys' fees and the costs and disbursements of this action; and

(D)   such other and further relief as appears just and proper.

Dated: Brooklyn, New York
January 6, 2016

>LEVENTHAL LAW GROUP, P.C.
>Attorneys for Plaintiff STEPHANIE TORRES
>45 Main Street, Suite 230
>Brooklyn, New York 11201
>(718) 556-9600
>
>By:   s/
>      JASON LEVENTHAL (JL1067)

15

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

STEPHANIE TORRES,

                          Plaintiff,         15 CV 5813
                                        (MKB)(MDG)

    -against-

CITY OF NEW YORK, MICHAEL RIVERA, Individually,
ANDREW FAGO, Individually, and
UNDERCOVER OFFICER 210, Individually,

                          Defendants,

--------------------------------------------------------------------------------X


**AMENDED COMPLAINT**


**LEVENTHAL LAW GROUP, P.C.**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 556-9600